# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO REYES GONZALEZ,<br><br>　　　　　Plaintiff,<br>　v.<br><br>SAN BERNARDINO COUNTY, WEST VALLEY DETENTION CENTER,<br><br>　　　　　Defendant. | Case No. ED CV 18-01608 MWF (AFM)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

On July 26, 2018, plaintiff, a state prisoner presently confined at the California Correctional Center in Susanville, California, filed a Complaint (ECF No. 1) in this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The Complaint was filed in the Eastern District of California, but it was transferred to this District where venue is proper because the events alleged in the Complaint occurred while plaintiff was held at the West Valley Detention Center ("WVDC") in San Bernardino County. (ECF No. 4.)

Plaintiff filed a request to proceed *in forma pauperis*, but he has to date failed to file the required certified copy of his institutional trust account statement. Plaintiff also has failed to pay the filing fee as required by the Court's order dated

September 28, 2018. (*See* ECF Nos. 2, 9.) Failure to comply with the requirements of that order may lead to dismissal of this action.

The Complaint names as a defendant only an unidentified deputy sheriff with the San Bernardino County Sheriff's Department. (ECF No. 1 at 3.) Plaintiff seeks monetary damages. (*Id*. at 5.) Plaintiff's two claims appear to arise from an incident that occurred while plaintiff was an inmate at the WVDC on October 14, 2017. On that day, plaintiff was walking in a hallway while chained to four other men. (ECF No. 1 at 3.) A Deputy Sheriff told plaintiff to "shut [his] mouth." The Deputy Sheriff then "used force and chickenwing [sic]" plaintiff. Plaintiff alleges that his middle finger on his right hand was "damaged." Plaintiff alleges that "they are not allowed to use such force." (*Id*.) Plaintiff additionally alleges that he suffers from "nerve damage" in that finger, and he cannot fully make a fist or bend the finger. (*Id*. at 4.) Plaintiff does not know the name of the deputy sheriff, but plaintiff alleges that the incident was captured on camera. (*Id*.) Plaintiff also alleges that it "is not allowed" to chain plaintiff to four other men, but it is not clear if plaintiff is purporting to raise a claim against an unspecified individual for placing plaintiff into the 5-man chain. (*Id*.) Plaintiff states as "supporting facts" for "Claim 2" only that he wants "to sue West Valley Detention Center" and he is "getting out on Oct. 27, 2018." (*Id*.)

The Court has screened the Complaint prior to ordering service for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1). The Court's screening of the pleading under the foregoing statutes is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (when determining whether a complaint should be

dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2), the court applies the same standard as applied in a motion to dismiss pursuant to Rule 12(b)(6)). In determining whether the pleading states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation." *Wood v. Moss*, 134 S. Ct. 2056, 2065 n.5 (2014) (citing *Iqbal*, 556 U.S. at 678). Rather, a court first "discounts conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1129 (9th Cir. 2013). Then, "dismissal is appropriate where the plaintiff failed to allege enough *facts* to state a claim to relief that is plausible on its face." *Yagman v. Garcetti*, 852 F.3d 859, 863 (9th Cir. 2017) (internal quotation marks omitted, emphasis added).

Further, since plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *see also Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008) (because plaintiff was proceeding *pro se*, "the district court was required to 'afford [him] the benefit of any doubt' in ascertaining what claims he 'raised in his complaint'") (alteration in original). However, the Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure

to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)).

In addition, Fed. R. Civ. P. 8(a) ("Rule 8") states:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

(Emphasis added). Further, Rule 8(d)(1) provides: "Each allegation must be simple, concise, and direct." Although the Court must construe a *pro se* plaintiff's pleadings liberally, a plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. United States Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (a complaint must give defendants fair notice of the claims against them). If a plaintiff fails to clearly and concisely set forth factual allegations sufficient to provide defendants with notice of which defendant is being sued on which theory and what relief is being sought against them, the pleading fails to comply with Rule 8. *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996); *Nevijel v. Northcoast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). A claim has "substantive plausibility" if a plaintiff alleges "simply, concisely, and directly [the] events" that entitle him to damages. *Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014). Failure to comply with Rule 8 constitutes an independent basis for dismissal of a pleading that applies even if the claims are not found to be wholly without merit. *See McHenry*, 84 F.3d at 1179; *Nevijel*, 651 F.2d at 673.

Following careful review of the Complaint, the Court finds that it fails to comply with Rule 8 because it fails to state a short and plain statement of each claim that is sufficient to give any defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. In addition, its allegations – as currently pled − appear insufficient to state any claim upon which relief may be granted. Accordingly, the Complaint is dismissed with leave to amend. *See Rosati*, 791 F.3d at 1039 ("A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).

**If plaintiff desires to pursue this action, he is ORDERED to file a First Amended Complaint no later than thirty (30) days after the date of this Order, remedying the deficiencies discussed below.** Further, plaintiff is admonished that, if he fails to timely file a First Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that this action be dismissed without leave to amend and with prejudice.[1]

**A. <u>Rule 8</u>**

Plaintiff's Complaint violates Rule 8 and fails to state a plausible claim against any defendant. The Complaint purports to raise two claims (ECF No. 1 at 3-4), but it is not clear what the factual basis is for each claim. Further, plaintiff references

---

[1] Plaintiff is advised that this Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, although this Court believes that you have failed to plead sufficient factual matter in your pleading, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or defendant in order to pursue this action. However, if you decide to pursue a claim in a First Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately may submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

"cruel and unusual punishment" in his "Claim 1," but he then alleges that he did not receive treatment for his hand, that excessive force was used by an unidentified deputy sheriff, and that he was placed into a five-man chain, even though "that also is not allowed." (ECF No.1 at 3-4.) In his "Claim 2," plaintiff does not allege any factual allegations. Plaintiff alleges that he can no longer "grip a hammer," and "[t]hey [sic] took away my living." Plaintiff also states that he wishes to "sue West Valley Detention Center." (*Id.* at 4.) It is not clear to the Court what is the factual or legal basis of either claim, or what defendant or defendants plaintiff is purporting to raise each claim against. Although plaintiff appears to allege that he did not receive any medical treatment for an injury to his hand (*id.* at 3), plaintiff's Complaint fails to set forth any factual allegations concerning any request he made for medical treatment at any relevant time, any failure of any specific official to provide medical treatment at a specific time, or what injury resulted from the failure to provide medical treatment.

Because plaintiff references what appears to be multiple claims within one "claim" and fails to link the factual allegations in the Complaint to a particular defendant, plaintiff's pleading fails to set forth a minimum factual or legal basis for each claim that is sufficient to give any defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. Since plaintiff is a *pro se* litigant, the Court must construe the allegations of the Complaint liberally and must afford plaintiff the benefit of any doubt. That said, the Supreme Court has made clear that the Court has "no obligation to act as counsel or paralegal to *pro se* litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004). The Complaint must be adequate to meet the minimal requirement of Rule 8 that a pleading set forth sufficient factual allegations to allow each defendant to discern what he or she is being sued for. *See McHenry*, 84 F.3d at 1177; *see also Twombly*, 550 U.S. at 555 ("[f]actual allegations must be enough to raise a right to relief above the speculative level"). In addition, the Supreme Court has held that, while a plaintiff need not plead the legal basis for a

claim, the plaintiff must allege "simply, concisely, and directly events" that are sufficient to inform the defendants of the "factual basis" of each claim. *Johnson*, 135 S. Ct. at 347. Here, plaintiff's Complaint fails to allege a simple and direct statement of the factual basis of any claim that is sufficient to allow a defendant to discern what he or she is being sued for.

In addition, to the extent that plaintiff intends to raise any federal civil rights claims against any individual defendant, even one who is identified as a "Doe" defendant, plaintiff should set forth a short and plain statement of each such claim showing that a specific person took a specific action, participated in another's action, or omitted to perform an action that caused each alleged constitutional deprivation. In order to state a federal civil rights claim against a particular defendant, plaintiff must allege that a specific defendant, while acting under color of state law, deprived him of a right guaranteed under the Constitution or a federal statute. *See West v. Atkins*, 487 U.S. 42, 48 (1988). "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiffs complains].'" *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (emphasis and alteration in original)). Further, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Iqbal*, 556 U.S. at 676. Accordingly, plaintiff must allege that a specific individual "through the official's own individual actions, has violated the Constitution." *Id*. at 676-77 ("each Government official, his or her title notwithstanding, is only liable for his or her own misconduct").

If plaintiff wishes to state a federal civil rights claim for inadequate medical treatment, he must show that a specific defendant was deliberately indifferent to his serious medical needs. *See Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "This includes both an objective standard – that

the deprivation was serious enough to constitute cruel and unusual punishment – and a subjective standard – deliberate indifference." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (internal quotation marks omitted).

To meet the objective element of a deliberate indifference claim, "a prisoner must demonstrate the existence of a serious medical need." *Colwell*, 763 F.3d at 1066. "A medical need is serious if failure to treat it will result in significant injury or the 'unnecessary and wanton infliction of pain.'" *Peralta v. Dillard*, 744 F.3d 1076, 1081 (9th Cir. 2014) (en banc) (internal quotation marks omitted). To establish the subjective element of an Eighth Amendment claim, a prisoner must "demonstrate that the prison official acted with deliberate indifference." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). Deliberate indifference may be manifest by the intentional denial, delay or interference with a plaintiff's medical care. *See Estelle*, 429 U.S. at 104-05. The prison official, however, "must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Toguchi*, 391 F.3d at 1057 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Thus, an inadvertent failure to provide adequate medical care, negligence, a mere delay in medical care (without more), or a difference of opinion over proper medical treatment, all are insufficient to constitute an Eighth Amendment violation. *See Estelle*, 429 U.S. at 105-07; *Toguchi*, 391 F.3d at 1059-60; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). Moreover, the Eighth Amendment does not require optimal medical care or even medical care that comports with the community standard of medical care. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. Here, because plaintiff does not set forth any factual allegations concerning the medical care that he received,

or any individual's failure to provide medical care at a specific time, the Complaint fails to state any claim for inadequate medical treatment.

It also appears that plaintiff's Complaint, at least in part, purports to be claiming that some unidentified official or officials failed to follow unspecified regulations in how plaintiff was chained to other inmates. (ECF No. 1 at 4.) If plaintiff is purporting to raise a federal civil rights claim against any defendant arising from an alleged violation of state law or the rules of the WVDC, a defendant's alleged failure to comply with state law or prison rules does not give rise to a federal civil rights claim. Rather, plaintiff must allege that the defendant deprived him of a right guaranteed under the United States Constitution or a federal statute. *See West*, 487 U.S. at 48.

For these reasons, the Court finds that plaintiff's Complaint violates Rule 8 and fails to state a claim against any defendant upon which relief may be granted.

**B.     Claims against the County of San Bernardino**

To the extent that plaintiff is purporting to raise a federal civil rights claim against the WVDC or the County of San Bernardino (the "County"), in order to raise a federal civil rights claim against a local government entity such as the County, the local government entity "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 694 (1978); *see also Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("local governments are responsible only for their own illegal acts").

Here, the Complaint fails to set forth any factual allegations that a specific policy or custom promulgated by the County or the WVDC was the "actionable cause" of a specific constitutional violation. *See Tsao v. Desert Palace, Inc.*, 698

F.3d 1128, 1146 (9th Cir. 2012) ("Under *Monell*, a plaintiff must also show that the policy at issue was the 'actionable cause' of the constitutional violation, which requires showing both but for and proximate causation."). In addition, liability against the County arising from an improper custom or policy may not be premised on an isolated incident such as plaintiff's allegations in the Complaint. *See, e.g., Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."); *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443-44 (9th Cir. 1989) ("Consistent with the commonly understood meaning of custom, proof of random acts or isolated events are insufficient to establish custom."), *overruled on other grounds, Bull v. City & County of San Francisco*, 595 F.3d 964, 981 (9th Cir. 2010) (en banc). Plaintiff's Complaint does not set forth factual allegations concerning any practice or custom of the County that he alleges was a "traditional method of carrying out policy" that caused an alleged constitutional violation.

Accordingly, the Court finds that plaintiff's Complaint fails to set forth factual allegations sufficient to allow the Court to draw a reasonable inference that any employee of the County or the WVDC is liable for any alleged constitutional violation. *See, e.g., Iqbal*, 556 U.S. at 678.

************

**If plaintiff still desires to pursue this action, he is ORDERED to file a First Amended Complaint no later than thirty (30) days after the date of this Order, remedying the pleading deficiencies discussed above.** The First Amended Complaint should bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the original Complaint, or any other pleading, attachment, or document.

10

The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize. Plaintiff is admonished that he must sign and date the civil rights complaint form, and he must use the space provided in the form to set forth all of the claims that he wishes to assert in a First Amended Complaint.

In addition, if plaintiff no longer wishes to pursue this action, he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a). The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**Plaintiff is further admonished that, if he fails to timely file a First Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that the action be dismissed with prejudice on the grounds set forth above and for failure to diligently prosecute.**

**IT IS SO ORDERED**.

DATED: 10/23/2018

*/s/ Alex MacKinnon*

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE