# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO REYES GONZALEZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SAN BERNARDINO COUNTY, WEST VALLEY DETENTION CENTER,<br><br>　　　　Defendant. | Case No. ED CV 18-01608 MWF (AFM)<br><br>**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE** |

## PROCEEDINGS

On July 26, 2018, plaintiff *pro se*, while a state prisoner confined at the California Correctional Center in Susanville, California, filed a Complaint in this civil rights action pursuant to 42 U.S.C. § 1983 (ECF No. 1). The Complaint was filed in the Eastern District of California but was transferred to this District where venue is proper because the events alleged in the Complaint occurred while plaintiff was held at the West Valley Detention Center ("WVDC") in San Bernardino County. (ECF No. 4.)

Plaintiff filed a request to proceed *in forma pauperis*, but has failed to file the required certified copy of his institutional trust account statement. Plaintiff also

failed to pay the filing fee as required by the Court's order dated September 28, 2018. (ECF Nos. 2, 9.)

The Court screened the Complaint prior to ordering service for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1). The Complaint named as a defendant only an unidentified deputy sheriff with the San Bernardino County Sheriff's Department. (ECF No. 1 at 3.) Plaintiff seeks monetary damages. (*Id*. at 5.) On October 23, 2018, the Court found that the Complaint failed to comply with Rule 8 because it failed to state a short and plain statement of each claim that is sufficient to give any defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. In addition, its allegations – as currently pled − appeared insufficient to state any claim upon which relief may be granted. Accordingly, the Complaint was dismissed with leave to amend, and plaintiff was ordered to file a First Amended Complaint by November 23, 2018, remedying the deficiencies discussed in the Order Dismissing Complaint With Leave to Amend (ECF No. 10.). Further, plaintiff was admonished that, if he failed to timely file a First Amended Complaint, or failed to remedy the deficiencies of his Complaint, the Court would recommend that this action be dismissed.

The Court's Order Dismissing Complaint With Leave to Amend, filed October 23, 2018, was returned as undeliverable with the notation "Paroled" "Not @ CCC." On November 5, 2018, the Court received plaintiff's Request to Proceed Without Prepayment of Filing Fees, dated October 10, 2018, but again missing the required Prisoner Authorization and certified institutional prison trust account statement.

Accordingly, on November 28, 2018, the Court issued an Order to Show Cause why this action should not be dismissed without prejudice for failure to prosecute and failure to inform the Court of his change of address. The Order to

Show Cause was returned as undeliverable on December 11, 2018 with the notation "Paroled" "Not @ CCC." A review of the docket reveals that plaintiff has not provided the Court with a change of address.

It is well-established that a district court may *sua sponte* dismiss an action where a plaintiff has failed to comply with a court order and/or unreasonably failed to prosecute. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-33 (1962); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.) (as amended, *cert. denied*, 506 U.S. 915 (1992). In determining whether to dismiss an action for failure to prosecute or failure to comply with court orders, a district court must consider several factors, namely (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); *Ferdik*, 963 F.2d at 1260-61 (failure to comply with court orders). Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted). Here, these factors strongly support dismissal based on plaintiff's failure to prosecute his case, his failure to keep the Court apprised of his current address as requested by Local Civil Rule 41-6, and his failure to respond to the Order to Show Cause warrant dismissal.

The first two factors from *Carey* – public interest in expeditious resolution of litigation and the need to manage the Court's docket – weigh in favor of dismissal here. Plaintiff has failed to prosecute this case and failed to comply with the Court's orders, despite being warned of the consequences and having been granted sufficient time in which to do so. Plaintiff's conduct hinders the Court's ability to move this case towards disposition, and indicates that plaintiff does not intend to litigate this action diligently.

The third factor – prejudice to defendants – also weighs in favor of dismissal. A rebuttable presumption of prejudice to defendants arises when a plaintiff unreasonably delays prosecution of an action. *See In re Eisen*, 31 F.3d at 1452-53. Nothing suggests that such a presumption is unwarranted in this case.

The fourth factor – public policy in favor of deciding cases on their merits – ordinarily weighs against dismissal. However, it is plaintiff's responsibility to move towards disposition at a reasonable pace, to comply with the local rules, and to avoid dilatory and evasive tactics. *Morris v. Morgan Stanley*, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not discharged this responsibility, despite having been granted sufficient time in which to do so. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh plaintiff's failure to prosecute, failure to comply with court orders and failure to file a First Amended Complaint.

The fifth factor – availability of less drastic sanctions – also weighs in favor of dismissal. The Court cannot move the case towards disposition without plaintiff's compliance with court orders or participation in its litigation. Plaintiff has shown that he is either unwilling or unable to comply with court orders by filing responsive documents.

The Court further finds that dismissal is appropriate because Plaintiff has failed to pay the full filing fee or to demonstrate that he is entitled to proceed without prepayment of such fee after having been afforded ample opportunity to do so.

IT THEREFORE IS ORDERED that this action is dismissed without prejudice and that Judgment be entered accordingly.

DATED: February 27, 2019

_____
MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE